UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARRISTER GLOBAL SERVICES NETWORK, INC., | * * * | CIVIL ACTION NUMBER: |
| | * | JUDGE: |
| Plaintiff, | * * | MAGISTRATE: |
| v. | * * | |
| ERIC SEIFERT, *et al.*, | * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.*, Defendant S&A Computer Services, Inc. d/b/a SAIT Services ("S&A") hereby gives notice of the removal of this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of its Notice of Removal, Defendant S&A states as follows:

1.

On December 9, 2011, Barrister Global Services Network, Inc. ("Plaintiff") filed a Petition for Injunctive Relief and Damages (the "Petition") in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing Docket No. 2011-0004084.

2.

On September 20, 2012, Plaintiff filed a Motion for Leave to File First Supplemental and Amending Petition (the "First Amended Petition"). That motion was granted on September 24, 2012.

3.

The First Amended Petition adds S&A Computer Services, Inc. d/b/a SAIT Services, which was not named in the original Petition, as a defendant. S&A received service of the First Amended Petition on October 18, 2012.

4.

This removal is effected and has been timely filed within one (1) year after commencement of the action and within thirty (30) days of service of the First Amended Petition upon S&A.

5.

This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §1332, §1441 and §1446.

6.

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon S&A, are attached hereto as Exhibit "A".

7.

Defendant Eric Seifert was served with Plaintiff's Petition for Injunctive Relief and Damages via Long Arm Service. The written consent of Eric Seifert to this removal

is attached hereto as Exhibit "B", and said defendant has joined in this Removal by reference contained in his consent.

8.

The United States District Court for the Eastern District of Louisiana is the Court embracing the place wherein such action is pending in state court, as it was filed in the Parish of Tangipahoa, the 21st Judicial District Court, in the State of Louisiana.

**Diversity of Citizenship**

9.

This action is properly removed to this Court pursuant to 28 U.S.C. §1332 and §1441, in that all properly joined and served parties are of diverse citizenship and, on information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.

Plaintiff Barrister Global Services Network, Inc. alleges that it is a Delaware corporation with its principal place of business in the Parish of Tangipahoa, State of Louisiana. (Petition, opening paragraph.)

11.

Eric Seifert is a natural person and resident of the State of Georgia.

12.

S&A Computer Services, Inc. is a Georgia corporation with its principal place of business in Roswell, Georgia.

## Amount in Controversy

13.

On information and belief, the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

14.

Plaintiff alleges that "Damages may include all or partial salary paid to [Seifert] while engaging in commencement of work for the competitor, as well as any training expenses paid by Barrister for [Seifert's] benefit, and also expenses incurred in redevelopment of the project." (Petition ¶ 25.)

15.

Plaintiff also alleges that "Barrister was forced to hire alternate software technicians to diagnose the work that was "completed" and ultimately redevelop the entire project, resulting in loss of productivity, loss of business operations, increase in compensation for labor, expenses." (Petition ¶ 28.)

16.

Louisiana Code of Civil Procedure art. 893, requires a plaintiff to generally state that his claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Here, Plaintiff has failed to assert such in either the Petition or the First Amended Petition. Therefore, on the face of the pleadings the amount in controversy meets the jurisdictional requirement of $75,000.00.

17.

Pursuant to 28 U.S.C. §1446(d), Plaintiff is being provided with a copy of this

Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

18.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

19.

By filing this Notice of Removal, S&A does not waive, and hereby reserves all defenses and objections to the Petition and the First Amended Petition including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and insufficiency of service of process.

WHEREFORE, Defendant, S&A Computer Services, Inc. d/b/a SAIT Services, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

This 14th day of November, 2012.

Respectfully submitted,

*/s/ Travis B. Wilkinson*
_____
**Travis B. Wilkinson, La. Bar No. 28806**
**Lugenbuhl, Wheaton, Peck, Rankin &**
**Hubbard**
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone: (504) 568-1990
Facsimile:  (504) 310-9195
Email:  twilkinson@lawla.com
**Attorneys for S&A Computer Services, Inc.**
**d/b/a SAIT Services**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2012 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Travis B. Wilkinson*
_____