

**NATIONAL CORPORATE RESEARCH,** LTD.

The Right Response at the Right Time, Every Time.

Dover, DE • Los Angeles • Sacramento • Springfield, IL • Albany • New York

615 South DuPont Highway, Dover, Delaware 19901
(302) 734-1450  Toll Free (800) 483-1140
Fax (800) 253-5177  Email: statrep@nationalcorp.com

**Notice of
Service of Process**

SP320447
Page 1 of 1

DATE:   October 19, 2012

TO:   Fritz Schlabach
SA IT Services
3000 Northfield Place, Ste 1000
Roswell, GA 30076

SENT VIA:
☑ Email
☑ Federal Express
☐ Fascimile Transmission
☐ Other:
Tracking Number:
799227393138

RE:   SERVICE OF PROCESS:
S & A COMPUTER SERVICES, INC.

--------------------------------------------------------------------------------

The enclosed Service of Process was received by the statutory agent in:   **Georgia**
on the date of:   **October 18, 2012**
received via:   **Certified Mail**

TITLE OF ACTION:   Barrister Global Services Network Inc vs. Eric Seifert et al. including S & A COMPUTER SERVICES, INC.

COURT AND CASE NO:   21st Judicial District Court, Parish of Tangipahoa

Case No.   2011-0004084
Petition

RESPONSE REQUIRED BY:   See documents

NOTE:

Sincerely,

*Andrew A. Lundgren*

Andrew Lundgren, Manager - Registered Agent Services

**EXHIBIT**

_A_

--------------------------------------------------------------------------------

**Please sign, date and return the attached confirmation receipt using the enclosed addressed envelope,
via fax (800-253-5177) or via e-mail (statrep@nationalcorp.com).**
Please carefully review the document referenced above to confirm all information, including the Response Date, for accuracy. The
information noted above is provided based on our review and is not a legal opinion.
**PLEASE CONSULT THE SERVICES OF A COMPETENT PROFESSIONAL ATTORNEY.**

# STEPHANIE A. FRATELLO
### Attorney At Law
*A Limited Liability Company*
**825 Baronne Street**
**New Orleans, Louisiana 70113**

Telephone: (504) 598-3018                              Facsimile: (504) 617-6467

October 11, 2012

S&A Computer Services d/b/a SA IT Services
Through its registered agent:

NATIONAL CORPORATE RESEARCH LTD
3675 CRESTWOOD PKWY STE 350
DULUTH GA 30096

To Whom It May Concern:

Enclosed please find the citation and certified copy of the *"Amended and Supplemental Petition for Injunctive Relief and Damages"*, filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, No. 2011-00004084, Division "E" on September 20, 2012 in Proceedings entitled, *"Barrister Global Services Network, Inc v. Eric Seifert, S & A Computer Services, Inc., d/b/a SA IT Services"*

Please file your answer within the time delays set forth in the Citation.

Feel free to contact me to discuss this matter or if you have any questions.

With kindest regards, I remain,

Yours Truly,

Stephanie Fratello-Adams

## RULE

BARRISTER GLOBAL SERVICES NETWORK INC

Versus

ERIC SEIFERT, ET AL

Case: 2011-0004084
Division: E
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

MJC

To:  S&A COMPUTER SERVICES INC
     THROUGH NATIONAL CORPORATE RESEARCH LTD
     3675 CRESTWOOD PKWY STE 350
     DULUTH , GA  30096


     Parish of

**YOU ARE HEREBY ORDERED** to show cause at the Courthouse in Amite, Louisiana on OCTOBER 18, 2012 at 10:30 o'clock A.M. (as per attached order).

This service was ordered by attorney STEPHANIE FRATELLO and was issued by the Clerk of Court on October 10, 2012.

<u>Pleading Served</u>

MOT FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING PETITION WITH INCORPORATING MEMO, AMENDED AND SUPPLEMENTAL PETITION FOR INJUNCTIVE RELIEF AND DAMAGES

s/Marsha Casanova

Deputy Clerk of Court for
Julian E. Dufreche, Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage      $_____                    By: _____
                                                    Deputy Sheriff
Total        $_____


[ SERVICE ]

PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO    2011-0004084                                         DIVISION "E"

BARRISTER GLOBAL SERVICES NETWORK, INC.

VERSUS

ERIC SEIFERT
SEP 2 0 2012

FILED: _____                    s/Marsha Casanova

                                                         DEPUTY CLERK
************************************************************************
MOTION AND ORDER FOR LEAVE TO FILE
FIRST SUPPLEMENTAL AND AMENDING PETITION WITH INCORPORATING
MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes plaintiff, **Barrister Global Network Services, Inc.**, who moves the Court for an Order granting leave to file the attached Supplemental and Amending Petition, and sets forth the following reasons in support:

On December 9, 2011, Plaintiff filed a *Petition for Injunctive Relief and Damages* against Defendant, Eric Seifert, seeking injunctive relief enjoining Defendant from disclosing confidential information obtained while employed by Plaintiff. Plaintiff also asserted claims against Defendant for breach of loyalty and breach of contract/unjust enrichment. Consequent thereto, Plaintiff and Defendant Eric Seifert entered into a Consent Judgment dated May 31, 2012 for a preliminary injunction enjoining Defendant from releasing and utilizing any and all information obtained while employed with Plaintiff, and the judgment describes the information which is not to be disclosed.

Consequent to these proceedings, through written discovery, it has been made evident that Eric Seifert is currently employed by Core ID Services, LLC (hereinafter, "Core") a subsidiary of a direct competitor of Plaintiff, namely, S & A Computer Services, Inc. d/b/a SA IT Services (hereinafter, "SA IT"). These two companies have the same address (3000Northfield Place, Roswell, Georgia). Further, SA IT is a strategic partner of Core. SA IT engages in the exact same business as Plaintiff, that being maintenance and management of print services, as well as outsourcing IT services nationwide. Further, since Core is a subsidiary of SA IT, it is likely that Eric Seifert works under the direct control of SA IT. In addition, it has been discovered, since filing of the original petition and since the termination of Eric Seifert's employ with Plaintiff, that SA IT adopted the exact business protocol, methodologies, and clientele as Plaintiff's. As such, it is believed that SA IT had elicited confidential information and

proprietary information from original Defendant, Eric Seifert in an effort to obtain and unfair competitive advantage over Plaintiffs which will ultimately harm Plaintiff's business operations, while fully aware of the confidentiality and Non Compete agreement between Plaintiff and Seifert. As such, the original petition should be amended and supplemented in order to add S&A Computer Services d/b/a SA IT Services as an additional defendant.

In addition, it was discovered that original named Defendant, Eric Seifert, participated in disclosing confidential information, including trade secrets, to SA IT in order to assist this company in obtaining an unfair competitive advantage over Barrister, despite the Confidentiality and Non Competition Agreement entered into with Barrister.

The foregoing allegations by SA IT and Eric Seifert likely constitute a violation of the Louisiana Unfair Trade and Consumer Protection Act pursuant to La.R.S. 51:1401, *et seq.*, as well as breach of fiduciary duty under this act. These acts likely also constitute violations promulgated in the Uniform Trade Secrets Act pursuant to La.R.S. 51:1431, *et seq.* As such, the original petition should be amended to allow assertion of these claims against Eric Seifert and SA IT.

The rules pertaining to amendment of pleadings are contained in La. C.C.P. art.'s 1151-56. However, these rules are silent concerning amendment of pleadings to add additional parties. But, the cases clarify that the rules governing amendments to pleadings should be liberally construed, the decision is within the sound discretion of the trial court, and amendments should be granted provided that movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and the trial will not be unduly delayed. *See, e.g., Walker v. Schwegmann Giant Supermarkets, Inc.*, 95-1934 La.App. 4th Cir. 3/14/96, 671 So.2d 983, 986; *Beard v. Circle K, Inc.*, 89-1112 La. App. 1st Cir. 12/19/89, 554 So. 2d 825, 826; *First Guaranty Bank v. Pineywood Partnership*, 89-1153 La. App. 1st Cir. 10/16/90, 569 So. 2d 209, 213.

For all of the foregoing reasons, Plaintiff, Barrister Global Services Network, Inc. respectfully requests that the foregoing motion be granted and that this Honorable Court issue an Order granting leave to file the attached Supplemental and Amending Petition.

<u>Certificate of Service</u>  (La.C.C.P. art 1313)
I hereby certify that a copy of the foregoing was
forwarded to David Coons of Adams & Reese, LLP,
attorney for Defendant via facsimile
this ___18th___ day of September, 2012.


Stephanie A. Fratello .

Respectfully submitted,


**Stephanie A. Fratello (#29192)**
825 Baronne Street
New Orleans, Louisiana 70113
Telephone:  (504) 598-3018
Facsimile:   (504) 617-6467
Attorney for *Barrister Global Services
Network, Inc*

*Barrister Global Services Network, Inc v. Seifert, et al. Case No. 2011-0004084*

PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO    2011-0004084                                              DIVISION "E"

BARRISTER GLOBAL SERVICES NETWORK, INC.

VERSUS

ERIC SEIFERT

FILED: _____SEP 2 0 2012_____          s/Marsha Casanova
                                            _____
                                            DEPUTY CLERK
*************************************************************************

ORDER

Considering the foregoing *Motion for Leave to File First Amending and Supplemental Petition,*

**IT IS HEREBY ORDERED** that Plaintiff, Barrister Global Network Services, Inc., be allowed to file the attached First Supplemental and Amending Petition and Request for Injunctive Relief.

Amite, Louisiana, this 24 day of September, 2012.


BRENDA BEDSOLE RICKS
                                    _____
                                            J U D G E

**Please Serve:**

1.
Eric Seifert through his attorney of record,

David Coons, Adams and Reese
David C. Coons
Adams and Reese LLP
701 One Shell Square, Suite 4500
New Orleans, LA 70139


2.
**SERVICE WILL BE VIA LONG ARM:**

S&A Computer Services
d/b/a SA IT Services
Through its registered agent:

NATIONAL CORPORATE RESEARCH LTD
3675 CRESTWOOD PKWY STE 350
DULUTH GA 30096

STATE OF LOUISIANA  AMITE LOUISIANA
PARISH OF TANGIPAHOA ___OCT 1 0 2012
     s/Marsha Casanova        DATE
I, _____ do hereby certify
that this document is a true and correct copy of the
original thereof, consisting of ____ page(s) being a
reproduction thereof from the records on file with
the undersigned, in accordance with Louisiana
Revised Statutes, Title 13, Section 3733
                              Marsha Casanova
                                    DEPUTY CLERK

21st JUDICIAL DISTRICT COURT

PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO    2011-0004084                                                DIVISION "E"

BARRISTER GLOBAL SERVICES NETWORK, INC.

VERSUS

ERIC SEIFERT, S&A COMPUTER SERVICES, INC d/b/a SA IT SERVICES
(as amended)

FILED: _____ SEP 2 0 2012 _____    s/Marsha Casanova

_____ DEPUTY CLERK
*****************************************************************
AMENDED AND SUPPLEMENTAL PETITION FOR INJUNCTIVE RELIEF AND
DAMAGES

NOW INTO COURT, through undersigned counsel comes, **BARRISTER GLOBAL SERVICES NETWORK, INC ("Barrister")**, a Delaware corporation with its principal place of business in the Parish of Tangipahoa, State of Louisiana, who files this Supplemental and Amended Petition and Injunctive Relief, incorporating all allegations contained in the original Petition and restating the complaint as follows:

## PARTIES

1.

The Petition for Injunctive Relief and Damages was filed on December 9, 2011 against Eric Seifert in order to enjoin him from disclosing certain confidential information obtained while employed by Plaintiff, and asserted claims against him for breach of contract, loyalty/unjust enrichment.

2.

Subsequent to the filing of the original Petition, through discovery, it was discovered that Eric Seifert is currently employed by a subsidiary, Core ID Services, LLC, of a direct competitor, namely, S&A Computer Services, Inc d/b/a SA IT Services. As such, S & A Computer Services, Inc. d/b/a SA IT Services is first named in this Supplemental and Amending Petition as an additional Defendant in this matter.

## PROCEDURAL HISTORY AND JOINDER

3.

Joinder is permissible in these proceedings pursuant to Louisiana Code of Civil Procedure article 463, et seq. whereby there is a community of interest between the parties joined; each of

1

the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and all of the actions cumulated are mutually consistent and employ the same form of procedure.

4.

Made Defendants herein are:

1. **ERIC SEIFERT** (hereinafter, **"Seifert"**), a person of the full age of majority and resident of the City of Suwanee, State of Georgia.

2. **S& A Computer Services, Inc, d/b/a SA IT Services** (hereinafter, "SA IT"), a Georgia corporation, with its principal office located at 3000 Northfield Place, Suite 300, Roswell, Georgia 30076-4944, a direct competitor of Barrister and, with sufficient information and belief, has elicited and utilized confidential information of Barrister and adopted same methodologies and business protocol as Barrister in its own business.

5.

Jurisdiction and venue are proper against Defendant Eric Seifert pursuant to Louisiana Code of Civil Procedure article 76.1, whereby the parties entered into a contract in the City of Hammond, Parish of Tangipahoa, State of Louisiana. Furthermore, under the terms of the contract, specifically Section 9.8, the jurisdiction of Louisiana was adopted by Defendant Seifert. Also, venue and jurisdiction or proper against Defendant SA IT, via the Louisiana Long Arm Statute pursuant to La. R.S. 13:3203.

## FACTS

6.

Barrister hired Defendant Seifert on November 15, 2010.

7.

Defendant Seifert was hired as the Manager of Development, whereby he was responsible for the development and implementation of software to be utilized for stand-alone & web driven real time service administration management. The software was identified as BAM, which was a necessary and integral part of Barrister's operations.

8.

The development project was to be divided into two phases, the first phase was anticipated to be for the duration of 281 days, or 2248 man hours. The second phase was to implement low priority features needed to improve/benefit operations.

2

9.

In addition, Defendant Seifert was to assist Barrister in a future project consisting of identity theft software.

10.

Defendant Seifert was compensated with an annual salary of $85,000.00 per year.

11.

Inherent in his job duties, Defendant Seifert was provided with full access to Barrister's confidential information, including but not limited to, its trade secrets, client information, employee information, system operations, methodologies, and other proprietary information.

12.

In connection with Defendant Seifert's hire, Barrister incurred additional expense in hiring an assistant to aid Seifert in the development of the software.

13.

In association with his employment with Barrister, Defendant Seifert executed an Employee Confidentiality and Non Compete Agreement ("Agreement"), dated November 11, 2010 in the City of Hammond, Louisiana, attached and filed with the Original Petition.

14.

On September 27, 2011, Defendant Seifert submitted his resignation letter, with an indicated effective date of October 7, 2011. However, termination was effective before October 7, 2011.

15.

Upon his resignation, Defendant Seifert retained possession of property belonging to Barrister; namely, laptop computers, company assets, company products, and data, although returned untimely. When returned, the data in the computers was missing.

16.

Barrister sent amicable demand through its counsel to Defendant Seifert requesting return of company property (a copy the correspondence was attached to original Petition as Exhibit B).

17.

In response thereto, Defendant Seifert returned training manuals and two (2) laptop computers, although untimely, approximately on or around October 10, 2011. However, the data on the computers was missing.

3

18.

Immediately upon termination of his employment with Barrister, Defendant Seifert began working with a subsidiary of a direct a competitor of Barrister.  However, there is reason to believe that Defendant Seifert actually commenced work with the same competitor prior to termination of his employment with Barrister.

19.

Consequent to the filing of the original petition, through written discovery, it has been made evident that Defendant Seifert is currently employed by Core ID Services, LLC (hereinafter, "Core"), a subsidiary of a direct competitor of Plaintiff, namely, "SA IT".  These two companies have the same address (3000 Northfield Place, Roswell, Georgia).

20.

Further, SA IT is a strategic partner of Core.  SA IT engages in the exact same business as Plaintiff, that being maintenance and management of print services, as well as outsourcing IT services nationwide.  Further, since Core is a subsidiary of SA IT, it is believed that Defendant Seifert works under the direct control of SA IT, as paychecks are disbursed through an account held in the name of the same entity.

21.

In addition, it has been discovered, since filing of the original petition and since the termination of Defendant Seifert's employ with Plaintiff, that SA IT adopted the exact business protocol, methodologies, and clientele/customers as Plaintiff's.  As such, it is believed that SA IT elicited confidential information and trade secrets and proprietary information of Plaintiff from Defendant Seifert in an effort to obtain and unfair competitive advantage over Plaintiffs, while fully aware of the Confidentiality and Non Compete agreement between Plaintiff and Defendant Seifert.

22.

In violation of the Louisiana Unfair Trade Practices and Consumer Protection Act promulgated in LSA-R.S. 51:1401, *et seq.* and /or the Federal Trade Commission Act as well as the Uniform Trade Secrets Act pursuant promulgated in LSA-R.S. 51:1431, *et seq* Defendant, Eric Seifert, participated in disclosing confidential information and trade secrets to SA IT, information with which would not have been known to SA IT unless disclosed by Defendant Seifert, in order to assist this entity in obtaining an unfair competitive advantage over Barrister,

4

despite the Confidentiality and Non Competition Agreement entered into with Barrister. The trade secrets and confidential information includes but is not limited to client/customer lists, business methodologies, training manuals, billing strategy, internal management software, and internal operational procedures (hereinafter referred collectively as "Information").

23.

In violation of the Louisiana Unfair Trade Practices and Consumer Protection Act promulgated in LSA-R.S. 51:1401, *et seq.* and /or the Federal Trade Commission Act as well as the Uniform Trade Secrets Act pursuant promulgated in LSA-R.S. 51:1431, *et seq.* SAIT is a direct competitor with Barrister, and with sufficient information and belief, intentionally elicited, though improper means, and currently utilizes the Information without the consent of Barrister.

## FIRST CAUSE OF ACTION: INJUNCTIVE RELIEF AGAINST ERIC SEIFERT

24.

By virtue of his retention of data, materials, and assets of Barrister, it is likely that the information contained therein can be utilized by Defendant Seifert in violation of the Agreement, and to the benefit of competitors or third parties.

25.

In addition, by virtue of his access to confidential information belonging to Barrister, there is the danger of Defendant releasing and utilizing the Information to benefit competitors and third parties, including but not limited to client lists.

26.

By virtue of the nature of the software Defendant was in the process of developing for Barrister, he obtained certain information (including but not limited to business protocol, business strategy, trade secrets, supplier information, and methodologies) that, if utilized by competitors or third parties, is detrimental to Barrister's success and operations. In addition, since Defendant Seifert is currently employed by a direct competitor of Barrister, there is risk that the aforementioned information will be released by Defendant and ultimately utilized by the competitor, also detrimental to Barrister.

27.

Section 7.0 entitled, "Injunctive Relief" of the Agreement affords Barrister a remedy in injunctive relief, *without bond,* and provide, in pertinent part:

"Employee hereby acknowledges that the provisions of Sections 1,2,3 and 4 hereof are reasonable and necessary for the protection of Employer's business,

and that Employer's business will be irrevocably and substantially harmed and damaged, if such provisions are not specifically enforced, and money damages will not afford Employer am adequate remedy for any breaches thereof. In the event of a breach or threatened breach by the Employee of the provisions of Sections 1,2,3, and 4, hereof during or *after the period of Employee's employment*, the parties hereto hereby acknowledge and agree that Employer shall be entitled to (i) specific performance and (ii) injunctive relief and other equitable relief *(without bond or other security being required)* to prevent or restrain a breach of such provisions."

28.

For the foregoing reasons, Barrister will suffer irreparable harm if the confidential information is disclosed to competitors or third parties.

29.

In addition, by working with a direct competitor, Defendant gained the knowledge experience, and skill necessary to operate in the nature of business adopted by Barrister. As such, Defendant has the ability to allow the competitor or third parties to benefit to the detriment of Barrister.

30.

As such, Barrister desires and is entitled to a temporary restraining order, and in due course, a preliminary injunction, enjoining Defendant from releasing confidential information.

## SECOND CAUSE OF ACTION: DEFENDANT SEIFERT'S LIABILITY UNDER THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER ACT AND/OR THE UNIFORM TRADE SECRETS ACT

31.

Defendant Seifert obtained Information while under the employ of Barrister; and, with sufficient information and belief, upon his hire with Core ID Services, LLC, and in violation of the LA Unfair Trade Practices and Consumer Acts and the Louisiana Unfair Trade Secrets Act, disclosed the Information to SA IT in an effort to aid this entity in obtaining an unfair competitive advantage over Barrister in the market place. This information belonged solely to Barrister and was elicited through improper means.

32.

As such, Defendant Seifert, engaged in certain acts that constituted unfair competition with Barrister, by utilizing the experience he acquired and skills he developed while in his former employment with Barrister, whereby the success of Barrister's business will be, or is likely to be, lessened or otherwise injured by these acts.

33.

Barrister is entitled to damages for Defendant's Seifert's violation of Louisiana Unfair Trade Practices and Consumer Protection Act and/or the Uniform Trade Secrets Act.

## THIRD CAUSE OF ACTION: DEFENDANT SEIFERT'S DAMAGES FOR BREACH OF LOYALTY, OR IN THE ALTERNATIVE, BREACH OF FIDUCIARY DUTY

34.

In the event it is found that Defendant Seifert did in fact commence work with a competitor while employed with Barrister, he is liable for breach of the duty of loyalty as set forth in Section 4.1 and 4.2 of the Agreement, entitled, Obligation of Loyalty to Employer.

35.

In addition, by working with a direct competitor, Defendant Seifert gained the knowledge experience, and skill necessary to operate in the nature of business adopted by Barrister. As such, Defendant has the ability to allow the competitor or third parties to benefit to the detriment of Barrister.

36.

Further, with sufficient information and belief, Defendant disclosed to SA IT, including its officers, the confidential information, trade secrets, knowledge, experience, and skill he gained while in the employ of Barrister in order to aid in SA IT to obtain an unfair competitive advantage over Barrister.

37:

Damages may include all or partial salary paid to Defendant while engaging in commencement of work for the competitor, as well as any training expenses paid by Barrister for Defendant's benefit, and also expenses incurred in redevelopment of the project.

## FOURTH CAUSE OF ACTION: BREACH OF CONTRACT, OR IN THE ALTERNATIVE, UNJUST ENRICHMENT

38.

In the event it is found that a contract exists whereby Defendant was to complete the aforementioned BAM software development; and, if it is found that a contract exists whereby Defendant was to develop identity theft software in a future project, Barrister asserts that Defendant is in breach of his duties.

39.

Upon withdrawal of Defendant's employment, it was discovered that the project Defendant was working on during the duration of his employment, approximately ten months, was not only incomplete, but was rendered completely useless.

40.

As a result, Barrister was forced to hire alternate software technicians to diagnose the work that was "completed" and ultimately redevelop the entire project, resulting in loss of productivity, loss of business operations, increase in compensation for labor, and expenses.

41.

In the alternative, and without waiving the foregoing, in the unlikely event that it is found that there is no clear and express agreement for Defendant's obligations to perform the development of the BAM software or identity theft software, then Barrister brings this action on the basis of *quantum meruit* and/or unjust enrichment and would show that Defendant accepted and received the benefit of compensation, knowledge, and experience provided by Barrister and caused Barrister to have reasonable expectations that it would receive a completed, functioning, and useful software from Defendant for its business operations.

42.

Barrister also seeks to recover any penalties to which it may be entitled under Louisiana law.

## FIFTH CAUSE OF ACTION: DEFENDANT SA IT'S BREACH OF LOUISIANA UNFAIR TRADE PRACTICES ACT AND/OR UNIFORM TRADE SECRETS ACT AND INJUNCTIVE RELIEF

43.

SA IT, elicited Information from Defendant Seifert before, during, and after employment with Barrister in an effort to obtain an unfair competitive advantage over Barrister, that information with which would not have been known to SA IT unless disclosed by Defendant Seifert or elicited by other improper means.

44.

The information was elicited with the full knowledge that Defendant Seifert executed a Confidentiality and Non Compete Agreement with Barrister and that Information was not readily available to the public.

8

45.

The information was utilized by SA IT in order to adopt and mimic the exact business protocol, methodologies, and operations as Barrister, which resulted in Barrister's loss of clients.

46.

As such, Barrister is entitled to damages for SA IT's breach of this Act, and is entitled to injunctive relief enjoining SA IT from utilizing the Information of Barrister, namely, trade secrets and confidential information includes but is not limited to client/customer lists, business methodologies, training manuals, billing strategy, internal management software, and internal operational procedures.

WHEREFORE, Plaintiff, BARRISTER GLOBAL SERVICES NETWORK, INC, prays:

1.  That Defendants, ERIC SEIFERT and S& A COMPUTER SERVICES, INC D/B/A SA IT SERVICES, be served with a copy of this Petition and ordered to answer same

2.  That a temporary restraining order be issued herein, without bond, until preliminary hearing, enjoining Defendant ERIC SEIFERT from releasing and utilizing any and all information obtained while employed by Barrister, namely business protocol, business strategy, trade secrets, supplier information, and methodologies;

3.  That a temporary restraining order be issued herein, without bond, until preliminary hearing, enjoining Defendant S & A COMPUTER SERVICES, INC D/B/A SA IT SERVICES releasing and utilizing any and all confidential information and trade secrets of Barrister, namely, trade secrets and confidential information including but is not limited to client/customer lists, business methodologies, training manuals, billing strategy, internal management software, and internal operational procedures.

4.  That, rule nisi be issued herein ordering Defendant Seifert to appear and show cause why a preliminary injunction should not be issued herein, prohibiting and enjoining Defendant, without bond, from releasing and utilizing any and all information belonging solely to Barrister, namely, trade secrets and confidential information including but is not limited to client/customer lists,

9

business methodologies, training manuals, billing strategy, internal management software, and internal operational procedures.

5.   That, rule nisi be issued herein ordering Defendant S& A COMPUTER SERVICES, INC D/B/A SA IT SERVICES to appear and show cause why a preliminary injunction should not be issued herein, prohibiting and enjoining Defendant, without bond, from releasing and utilizing any and all information of Barrister, namely, trade secrets and confidential information, including but is not limited to client/customer lists, business methodologies, training manuals, billing strategy, internal management software, and internal operational procedures.

6.   That, after due proceedings, trial on the merits forever enjoining Defendants from releasing and utilizing any and all information of Barrister, namely, trade secrets and confidential information, including but is not limited to client/customer lists, business methodologies, training manuals, billing strategy, internal management software, and internal operational procedures.

7.   There be judgment in favor of Plaintiff and against Defendant Seifert for breach of his duty of loyalty, breach of fiduciary duty, breach of Louisiana Unfair Trade Practices Act and/or Uniform Trade Secrets Act, breach of contract, or in the alternative, unjust enrichment, and damages associated therewith;

8.   There be judgment in favor of Plaintiff and against Defendant S & A Computer Services, Inc d/b/a SA IT Services breach of Louisiana Unfair Trade Practices Act and/or Uniform Trade Secrets Act and damages associated therewith;

9.   An award in reasonable attorney's fees, costs of these proceedings, and for any and all other damages which are reasonable and to be determined by the trier of fact.

Respectfully Submitted,

_____

STEPHANIE A. FRATELLO (La 29192)
825 Baronne Street
New Orleans, LA 70113
Telephone: (504) 598-3018
Facsimile: (504) 617-6467
Attorney for Barrister Global Services Network, Inc.

SERVICE INSTRUCTIONS ON FOLLOWING PAGE

Please Serve:

1.
Eric Seifert through his attorney of record,

David Coons, Adams and Reese
David C. Coons
Adams and Reese LLP
701 One Shell Square, Suite 4500
New Orleans, LA 70139

2.
S&A Computer Services d/b/a SA IT Services
Through its registered agent:

National Corporate Research LTD
3675 Crestwood Pkwy, Suite 350
Duluth, GA 30096

*Barrister Global Services Network, Inc v. Seifert, et al. Case No. 2011-0004084*

21ˢᵗ JUDICIAL DISTRICT COURT

PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO   2011-0004084                                          DIVISION "E"

BARRISTER GLOBAL SERVICES NETWORK, INC.

VERSUS

ERIC SEIFERT, S&A COMPUTER SERVICES, INC d/b/a SA IT SERVICES
FILED: _____ SEP 2 0 2012 _____          (as amended)

                                          *Marsha Casanova*
                                          DEPUTY CLERK

*****************************************************************
ORDER

THE FOREGOING CONSIDERED:

   IT IS ORDERED that a temporary restraining order is issued herein prohibiting and

enjoining Defendant, S&A COMPUTER SERVICES, INC d/b/a SA IT Services, from releasing

and utilizing any and all trade secrets and confidential information, namely business protocol,

business strategy, trade secrets, supplier information, and methodologies belonging to Barrister

Global Network Services, Inc. *No notice pursuant to CCP 3603*

   IT IS FURTHER ORDERED that Defendant, S&A COMPUTER SERVICES, INC

d/b/a SA IT Services, appear and show cause why a preliminary injunction should not be

entered, without bond, enjoining him from releasing and utilizing any and all confidential

information and trade secrets, including but not limited to business protocol, business strategy,

trade secrets, supplier information, and methodologies belonging to Barrister Global Network

Services, Inc. on the   *18*   day of   *October*  , 2012 at

_*10:30*_ o'clock *A* m.:


ORDERED, this _*3*_ day of _*October*_ 2012 in Amite, Louisiana *at 1:15 pm*

                              BRENDA BEDSOLE RICKS
                         _____
                              DISTRICT JUDGE

Please Serve:

1.
Eric Seifert through his attorney of record,

David Coons, Adams and Reese
David C. Coons
Adams and Reese LLP

STATE OF LOUISIANA  AMITE, LOUISIANA
PARISH OF TANGIPAHOA ___OCT 1 0 2012___
                              DATE
I  s/Marsha Casanova _____ do hereby certify
that this document is a true and correct copy of the
original thereof, consisting of ___1___ page(s) being a
reproduction thereof from the records on file with
the undersigned, in accordance with Louisiana
Revised Statutes, Title 13, Section 3770.
                    _____
        12               DEPUTY CLERK

701 One Shell Square, Suite 4500
New Orleans, LA 70139

2.
**SERVICE WILL BE VIA LONG ARM:**

S&A Computer Services d/b/a SA IT Services
Through its registered agent:

NATIONAL CORPORATE RESEARCH LTD
3675 CRESTWOOD PKWY STE 350
DULUTH GA 30096

*Barrister Global Services Network, Inc v. Seifert, et al. Case No. 2011-0004084*

